UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                )
ANTOLIN ANDREW MARKS,           )  No. MC08-5045
                                )
            Plaintiff,          )
       v.                       )  ORDER DENYING MOTION FOR
                                )  RECONSIDERATION (Dkt. # 5)
MR. JENNINGS, *et al.*,         )
                                )
            Defendants.         )
_____ )

On July 25, 2008, the undersigned rejected plaintiff's proposed complaint because plaintiff was not "under imminent danger of serious bodily injury or death." Dkt. # 3. Plaintiff filed a motion for reconsideration (Dkt. # 5) in which he argues that <u>Andrews v. Cervantes</u>, 493 F.3d 1047 (9th Cir. 2007), compels a different result.

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." Local Civil Rule 7(h)(1). Plaintiff has not met this burden. Although <u>Andrews</u> has some remarkable similarities to this case (including identical plaintiffs and identical Eight Amendment claims), there are dispositive factual differences. In <u>Andrews</u>, plaintiff alleged that he was forced to live in a double cell with persons who had contagious illnesses (tuberculosis and hepatitis), with which he then became infected. C03-1218 (E.D. Cal.). The proposed

ORDER DENYING MOTION
FOR RECONSIDERATION

complaint at issue here, however, alleges much more generally that persons in Immigration and Customs Enforcement custody have or may have contagious diseases and that the custodians do not adequately screen for all such diseases. The only example provided involves a food service worker who apparently contracted chicken pox while in custody.[1] Plaintiff was not forced to share a cell with this worker, nor does he allege that he contracted chicken pox. The facts do not support the conclusion that plaintiff is in imminent danger of serious bodily injury or death:[2] there is nothing in the record to suggest that plaintiff is in any more danger than everyone else who lives and works in close proximity with others. Plaintiff has failed to show manifest error in the Court's ruling based on the facts alleged in the proposed complaint.

Plaintiff's second assignment of error is also unpersuasive. Because the Court has determined that plaintiff is not in imminent danger, no part of the case can proceed. The Court also notes that the proposed complaint was rejected because the allegations do not satisfy the terms of the March 25, 2008, bar order. Section 1915(g) and its standards do not govern the undersigned's review in this matter.

For all of the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

Dated this 18th day of August, 2008.

Robert S. Lasnik
Chief Judge, United States District Court

---

[1] Plaintiff alleges that Mr. Gomez-Hernandez was in custody for more than 30 days before he developed chickenpox. According to the Center for Disease Control, it takes only 10-21 days after exposure for someone to develop chickenpox.

[2] Plaintiff cannot avoid the application of the bar order by simply alleging that he is in imminent danger. The bar order requires that plaintiff actually show that he is in imminent danger of serious bodily injury or death. The Court will make this determination based on the objective facts alleged, not plaintiff's conclusory assertions.