UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
ANTOLIN ANDREW MARKS,               )   No. MC08-5045
                                    )
                 Plaintiff,         )
        v.                          )   ORDER
                                    )
TOM GILES, *et al.*,                )
                                    )
                 Defendants.        )
_____ )

This matter comes before the Court *sua sponte*. On March 24, 2008, the Honorable Franklin D. Burgess, United States District Court Judge, entered an order barring plaintiff from litigating in this district unless he provides a "signed affidavit, along with the proposed complaint, verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the [p]laintiff." Plaintiff was also barred from proceeding *in forma pauperis* unless he shows that he is in imminent danger of serious bodily injury or death. On November 24, 2008, the Clerk of Court received a complaint, an application to proceed *in forma pauperis*, and an affidavit from Mr. Marks. Dkt. # 14 and 15. The proposed complaint is now before the undersigned for review pursuant to the terms of the bar order.

Plaintiff has submitted the necessary verification, under penalty of perjury, that the claims asserted have not already been litigated. Plaintiff further declares that the proposed

ORDER

1 complaint was filed because plaintiff's "life is threatened by the actions of the Defendants and
2 without the Court's intervention there is a real probability that [plaintiff] shall be murdered
3 through the actions of the Defendant here." Dkt. # 15. In support of this assertion, plaintiff
4 alleges that defendants have refused to provide requested forms, case law, and legal assistance,
5 all with the knowledge that plaintiff has an unspecified heart and brain condition that is
6 aggravated by stress. Plaintiff alleges that defendants intend to subject plaintiff to stress so that
7 he "would die or become brain inoperative, succumb to a coma, or other malady depending on
8 the level of stress that [defendant] could subject the Plaintiff to." Dkt. # 14 at ¶ 8.

9 Plaintiff's November 24, 2008, submission is a clever, yet ultimately unsuccessful,
10 attempt to avoid the March 24, 2008, bar order. At base, the complaint alleges nothing more or
11 less than an access-to-the-courts claim under the First Amendment. Plaintiff attempts to convert
12 this non-violent, non-physical claim into a life-threatening event by alleging medical problems
13 that make him highly sensitive to stress. If this allegation were accepted on its face, every minor
14 incident or adverse interaction could be pursued *in forma pauperis* as long as plaintiff alleged
15 that the event was stressful. But plaintiff forfeited the privilege of filing *in forma pauperis* by
16 engaging in abusive litigation tactics: the only exception is where he can show that he is in
17 imminent danger of serious bodily injury or death. It is not reasonably foreseeable that a refusal
18 to provide copies of cases or legal forms will cause serious bodily injury or death. Plaintiff
19 therefore has the burden of providing some evidence of imminent danger. Plaintiff may (but has
20 not in this case) state under penalty of perjury that defendants' actions are causing him stress,
21 but he cannot adequately state the medical implications of such stress. Absent admissible
22 evidence supporting his allegations of harm, plaintiff has not shown that he is in imminent
23 danger of death or serious bodily injury.

25 The new action submitted on November 24, 2008, shall not be permitted to
26 proceed *in forma pauperis*. The Clerk of Court shall docket this order in MC08-5045. Plaintiff

shall have thirty day in which to pay the filing fee. If he does so, the Clerk of Court shall open a new cause of action containing all documents related to plaintiff's November 24, 2008, submission. If the fee is not timely filed, neither the Clerk of Court nor defendants need take any further action with regards to this matter.

Dated this 11th day of December, 2008.

*Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court