UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
ANTOLIN ANDREW MARKS,               )   No. MC08-5045
                                    )
                 Plaintiff,         )
          v.                        )   ORDER
                                    )
A. NEIL CLARK,                      )
                                    )
                 Defendant.         )
_____ )

This matter comes before the Court *sua sponte*. On March 24, 2008, the Honorable Franklin D. Burgess, United States District Court Judge, entered an order barring plaintiff from litigating in this district unless he provides a "signed affidavit, along with the proposed complaint, verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the [p]laintiff." Plaintiff was also barred from proceeding *in forma pauperis* with a civil rights, <u>Bivens</u>, or Federal Tort Claim Act action unless he shows that he is in imminent danger of serious bodily injury or death. On February 13, 2009, the Clerk of Court received a petition for writ of habeas corpus, an application to proceed *in forma pauperis*, and a declaration under penalty of perjury from Mr. Marks. Dkt. # 25. The proposed petition is now before the undersigned for review pursuant to the terms of the bar order.

Plaintiff's February 13, 2009, submission includes a certification, under penalty of

ORDER

perjury, that the indefinite detention claim has not already been litigated in the current posture. Although a similar claim was litigated in Marks v. Clark, C07-1897MJP, the passage of time is often a critical factor in indefinite detention cases. The passage of five additional months since Judge Pechman entered judgment against petitioner is a material alteration in circumstances that justifies a successive petition.

To the extent Mr. Marks' submission is construed as a habeas petition challenging his continued detention, he need not show that he is in imminent danger of serious bodily injury or death in order to proceed *in forma pauperis*. The proposed petition contains additional "claims," most of which support (or at least can be considered in the context of) his challenge to confinement. For example, petitioner's request for injunctive relief and his allegations regarding the citizenship of Wayne Ricky Elson Rudder and past frauds on the court can be considered by the presiding judicial officer when determining whether the petition should be granted.[1] Petitioner may not, however, litigate a separate constitutional claim for violation of the Fifth or Fourteenth Amendments under the guise of this habeas petition: he has not shown that he is in imminent danger of serious bodily injury or death and may not, therefore, litigate a civil rights action.

The habeas petition submitted on February 13, 2009, shall be permitted to proceed subject to the post-filing requirements imposed in Marks v. United States, C07-5679FDB. The Clerk of Court shall docket this order in MC08-5045 and open a new cause of action containing all documents related to plaintiff's February 13, 2009, submission

Dated this 18th day of March, 2009.

Robert S. Lasnik
Chief Judge, United States District Court

---

[1] The Court offers no comment or opinion regarding the viability or merit of Mr. Marks' claims.